Matter of Gassana v New York State Dept. of Hous. & Community Renewal (2024 NY Slip Op 02254)

Matter of Gassana v New York State Dept. of Hous. & Community Renewal

2024 NY Slip Op 02254

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 453875/21 Appeal No. 2130 Case No. 2023-03895 

[*1]In the Matter of Malang Gassana, Petitioner-Appellant,
v
The New York State Department of Housing and Community Renewal et al., Respondents-Respondents.

The Legal Aid Society, New York (David Singer of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for The New York State Department of Housing and Community Renewal and Woody Pascal, respondents.
Rose & Rose, New York (Paul Coppe of counsel), for West 152 Associates, L.P., respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered July 11, 2023, which, upon renewal, adhered to its prior judgment denying the petition to annul the October 12, 2021 determination of respondent agency (DHCR) that there were no rent overcharges as arbitrary and capricious and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court properly held that DHCR's determination was not arbitrary and capricious (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see also Administrative Code of City of NY § 26-516[a]). Initially, the challenged agency decision did not arbitrarily fail to consider alleged indicia of a fraudulent scheme to deregulate, as instead, DHCR extensively considered the rental history beyond the four-year lookback period, including the entire history of registration filings and the increase in rent between 2009 and 2013 registrations (compare Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. Of Rent Admin., 15 NY3d 358, 367 [2010]).
Nor was it irrational, based on the evidence in the administrative record, for DHCR to find that there was no fraudulent scheme to deregulate the apartment to warrant the use of the default formula to calculate rent overcharges. Where evidence beyond the lookback period is considered, the focus of the inquiry is "whether a fraudulent scheme to destabilize the apartment tainted the reliability of the rent on the base date" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 355 [2020] [internal quotation marks omitted]; see also Casey v Whitehouse Estates, Inc., 39 NY3d 1104, 1106 [2023]).
There is evidence to support DHCR's finding that respondent landlord performed significant individual apartment improvements (IAIs) in 2010, having "'sufficiently documented the apartment improvements' by proffering . . . invoices, checks showing payment of all the sums charged," its Department of Buildings (DOB) permit filing indicating the work to be done, and the DOB's acknowledgement of completion (Sandlow v 305 Riverside Corp., 201 AD3d 418, 420 [1st Dept 2022], quoting Matter of Park v New York State Div. of Hous. & Community Renewal, 150 AD3d 105, 115 [1st Dept 2017]). Moreover, contrary to petitioner's contention, the length of a prior tenancy, on which the landlord-based vacancy increases in 2010, is clear from registration records showing that the prior tenant in question commenced occupancy on July 1, 1990 and his last lease expired on June 30, 2009.
The record also supports DHCR's conclusion that the landlord's failure to register the apartment between 2014 and 2017 does not evince a fraudulent scheme to deregulate. Not only did the landlord correct this error by retroactively reducing petitioner's rent to match his initial rent and filing late registrations[*2], thus effectively freezing the rent (see Administrative Code § 26-517[e]), but also the failure to register and retroactive registrations had no bearing on the reliability of the base date rent four years before petitioner filed his claim (see Casey, 39 NY3d at 1107; see also Aras v B-U Realty Corp., 221 AD3d 5, 15 [1st Dept 2023]).
We note that, at the outset of the tenancy, the landlord gave petitioner a purported license to "temporarily use" the apartment, rather than a rent-stabilized lease. The landlord subsequently attempted to evict petitioner in a holdover proceeding, representing to the Housing Court that the apartment was not rent stabilized. The landlord's licensure scheme was unlawful. Nonetheless, the landlord's conduct post-dated the base date and, in this regard, did not taint the reliability of the base date rent (see Casey, 39 NY3d at 1107).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024